# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAFAYETTE DIVISION

| | | |
|---|---|---|
| **KIRK A. DEROUEN** | * | **CIVIL ACTION NO. 11-0830** |
| **VERSUS** | * | **JUDGE HAIK** |
| **COMMISSIONER OF SOCIAL SECURITY** | * | **MAGISTRATE JUDGE HILL** |

### RULING ON MOTION TO AUTHORIZE AND FIX ATTORNEY FEE

Pending before the undersigned is the Motion to Authorize and Fix Attorney Fee filed on December 5, 2013, by attorney Kenneth W. DeJean ("DeJean"), on behalf of social security claimant, Kirk A. Derouen ("Derouen"). [rec. doc. 13]. Defendant, the Commissioner of the Social Security Administration ("Commissioner"), filed a response on December 24, 2013. [rec. doc. 15]. DeJean filed a Reply on January 6, 2014. [rec. doc. 18].

### Background

On June 3, 2011, Derouen filed a Complaint for Judicial Review of Adverse Determination with this Court, appealing the denial of his claim for social security benefits. By Report and Recommendation dated July 12, 2012, the undersigned recommended that the Commissioner's decision be reversed, and that claimant be awarded appropriate benefits as of his onset date, December 31, 2005. [rec. doc.

11].  On September 27, 2012, Judge Haik entered a Judgment adopting the Report and Recommendation, reversing the Commissioner's decision, and awarding benefits from the onset date of December 31, 2005.  [rec. doc. 12].

On December 5, 2013, DeJean filed the instant Motion to Authorize and Fix Attorney Fee.  [rec. doc. 13].

## Anaylsis

By letter dated November 27, 2013, the Social Security Administration advised DeJean that the sum of $24,869.50, which represented 25% of Derouen's past-due benefits, was being withheld for attorney fees.  [rec. doc. 13, Exhibit 1]. On December 5, 2013, DeJean filed the instant motion for attorney fees, in which he requested $24,869.50 in fees, which he claimed represented 25% of Derouen's past-due benefits.  [rec. doc. 13].

In support of his motion, DeJean attached a Statement of Professional Services Rendered from August 18, 2009, through September 17, 2013.   [rec. doc. 13, Exhibit 2].   In the Statement, Dejean requested fees for 70.30 hours for work performed at the administrative level, the district court level, and the administrative level after this Court's action.

The Commissioner of Social Security objected to Dejean's failure to attach his contingency fee agreement to the motion.  Additionally, the Commissioner

2

objected to DeJean's claim for fees relating to work performed at the administrative level, but not for the hours expended before this Court.

On January 6, 2014, DeJean filed a Reply brief, to which he attached a copy of his contingency fee agreement.  [rec. doc. 18, Exhibit 1].  The agreement provides for an attorney fee "equal to the lesser amount of 25 percent of the past-due benefits resulting from [Derouen's] claim(s) or $5,300.00 (or such higher amount as prescribed by the Commissioner of Social Security pursuant to Section 206(a)(2)(A) of the Social Security Act)."  DeJean acknowledges that $5,300.00 is the "lesser" amount, because 25% of the past due benefits which this Court awarded to Derouen amounts to $24,869.50.

DeJean agrees with the Commissioner that 42 U.S.C. § 406(b) governs his attorney fee application.  Section 406(b) provides, in pertinent part, as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation  . . .

42 U.S.C. § 406(b)(1)(A).

Section 406(b) governs the award and collection of fees by attorneys for the representation of claimants in court.  *Murkeldove v. Astrue*, 635 F.3d 784, 788 (5th Cir. 2011).  This statute does not displace contingent-fee agreements within the

statutory ceiling; instead, it instructs courts to review for reasonableness fees yielded by those agreements.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 807, 122 S. Ct. 1817, 1828, 152 L. Ed. 2d 996 (2002).  As an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, the court may require the claimant's attorney to submit a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for non-contingent-fee cases.  535 U.S. at 808, 122 S.Ct. at 1828.

In the Reply, DeJean amended his request to omit the fees performed at the administrative level, and now claims 40.9 hours at the rate of $200.00 to $250.00 per hour for work performed at the district court level from June 2, 2011 through September 27, 2012.  He asserts that dividing the sum of $5,300.00 for 40.9 hours equates to an award of $129.58 per hour, which is considerably below DeJean's customary hourly fee for non-contingency fee work.  Accordingly, he argues that an attorney fee award of $5,300.00 is highly reasonable under *Gisbrecht*.

To determine reasonable rates, a court considers the attorneys' regular rates as well as prevailing rates in the community.  *Louisiana Power & Light Co.Louisiana Power & Light Company v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995), 50 F.3d at 328.  A reasonable rate is the market rate.  *Conner v. Mid South Insurance Agency, Inc*., 943 F.Supp. 663, 667 (W.D. La 1996).

4

The Court has reviewed the amended application, and finds that the amount of time expended is reasonable.  Additionally, I find that the prevailing rate for attorneys in this area with DeJean's experience supports the hourly rate claimed.

Accordingly, the Motion to Authorize and Fix Attorney Fee, as amended, is **GRANTED.** The Court awards fees **in the amount of $5,300.00 within thirty (30) days of this Order**.

Signed February 4, 2014, at Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE